1  DANIEL J. BRODERICK, Bar #89424
   Federal Defender
2  MARC DAYS, Bar #184098
   Assistant Federal Defender
3  Designated Counsel for Service
   2300 Tulare Street, Suite 330
4  Fresno, California 93721-2226
   Telephone: (559) 487-5561
5
   Attorney for Defendant
6  Alejandro Ortega

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,            ) No. 1:08-cr-000254 LJO
                                          )
12 |         Plaintiff,                   ) NOTICE OF MOTION AND MOTION FOR
                                          ) DISCOVERY; MEMORANDUM OF POINTS
13 |    v.                                ) AND AUTHORITIES IN SUPPORT OF
                                          ) DEFENDANT'S MOTION FOR DISCOVERY
14 | ALEJANDRO ORTEGA,                    )
                                          ) Date:  January 16, 2009
15 |         Defendant.                   ) Time:  8:30 a.m.
   |_____) Court: Hon. Lawrence J. O'Neill

16

17 **TO:  McGREGOR W. SCOTT, UNITED STATES ATTORNEY, AND KAREN A. ESCOBAR, ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

18

19   **PLEASE TAKE NOTICE** that on January 16, 2009, at 8:30 am, or as soon thereafter as

20 counsel may be heard before the Honorable Lawrence J. O' Neill, United States District Court Judge,

21 the defendant Alejandro Ortega, will bring on for hearing the following motion.

22                              **I.    MOTION**

23   Defendant, Alejandro Ortega, by his attorney of record, Assistant Federal Defender, Marc Days,

24 hereby moves this court for an order granting discovery of the items set forth below, that said items be

25 produced within 10 days of the court' s order and that any items not produced be excluded absent a

26 showing of good cause and due diligence. The following items are requested:

27   1.  The substance of oral statements made by Mr. Ortega in response to interrogation by a
         person Mr. Ortega knew was a government agent, pursuant to Rule 16(a)(1)(A);
28 ///

2. All written or recorded statements of Mr. Ortega, pursuant to rule 16(a)(1)(B)(i);

3. All written records containing the substance of any oral statement made by Mr. Ortega in response to interrogation by a person Mr. Ortega knew was a government agent, pursuant to Rule 16(a)(1)(B)(ii);

4. The identities of the confidential informants and the contents of their communications with Mr. Ortega, pursuant to the Due Process Clause; and

5. The following exculpatory evidence, pursuant to the Due Process Clause, -

   a. The identity of the confidential informants;

   b. The contents of communications between Mr. Ortega and the confidential informants;

   c. Evidence that officers Garza or Valdez, the confidential informants, or any other witness is involved in a chop shop operation; and

   d. Evidence affecting credibility, including but not limited to, documents which concern, refer or relate to any promise, consideration or inducement in connection with the case in exchange for a person's participation or testimony.

This motion is based upon the attached memorandum of points and authorities, all files and records in this case and such evidence and argument as may be presented at the hearing on this motion.

## II.  MEMORANDUM OF POINTS AND AUTHORITIES

### A.  FACTUAL BACKGROUND

Mr. Ortega is the sole defendant in a four count indictment which alleges that between July 22, 2008 and July 28, 2008, Mr. Ortega conspired to distribute methamphetamine and cocaine and possessed methamphetamine and cocaine with intent to distribute. Count one alleges violations of 21 U.S.C. §§846, 841(a)(1) and (b)(1)(A) and 18 U.S.C. §2, conspiracy to distribute methamphetamine and cocaine and aiding and abetting. Count two alleges violations of 21 U.S.C. §§846, 841(a)(1) and (b)(1)(A) and 18 U.S.C. §2, conspiracy to distribute cocaine and aiding and abetting. Count three alleges violations of 21 U.S.C. §§841(a)(1) and (b)(1)(A) and 18 U.S.C. §2, possession of methamphetamine with intent to distribute and aiding and abetting. Count four alleges violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2, possession of cocaine with intent to distribute and aiding and abetting. All four counts allegedly occurred in the Eastern District of California.

According to initial discovery and investigation, the allegations in the indictment concern two attempted drug transactions involving Fresno Police officers Ubaldo Garza and Robert Valdez and two

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery         2

confidential informants handled by them. The first transaction occurred on or about July 25, 2008, in Dinuba, California, and allegedly involved the sale of methamphetamine between the two confidential informants and a third party. Mr. Ortega was not present during the transaction and his alleged involvement, according to confidential informant #1, was setting up the transaction over the telephone.

The second transaction occurred on or about July 28, 2008, in El Monte, California, and allegedly involved the sale of cocaine between the two confidential informants, officers Garza and Valdez, and Hector Rodriguez and Jorge Bautista. Orange County Sheriff deputies provided backup. Mr. Bautista and one of the confidential informants went to Sinaloa Auto Parts in El Monte, consent was given to search the premises and cocaine was discovered. Mr. Ortega was not present at Sinaloa Auto Parts and his alleged involvement, according to the confidential informants, was setting up the transaction.

Officers Garza and Valdez arrested Mr. Ortega following the seizure of cocaine at Sinaloa Auto Parts and took Mr. Ortega's keys, including car keys. Following his arrest, Mr. Ortega was handcuffed and driven around for over 12 hours before being booked into the Fresno County jail the following day.

As discussed below, it appears based on the discovery, that Mr. Ortega's only involvement in the violations alleged in the indictment are based on the claims of Fresno Police officers Garza and Valdez and their confidential informants, all of whom stole Mr. Ortega's car and are involved in the operation of a chop shop and dealing in stolen cars and car parts.

Currently officer Garza is under investigation by the California Highway Patrol for running a chop shop, being involved in purchasing and selling stolen cars and car parts and utilizing and employing car thieves and persons suspected of stealing cars. According to news reports, officer Garza has been placed on a desk job as the California Highway Patrol investigates.

According to the affidavit of Randy Royal, an investigator in the Vehicle Theft Investigation Unit of the California Highway Patrol, submitted in support of the search warrant to search the home and businesses of officer Garza, an approximate two month investigation was conducted which concerned officer Garza and his businesses. Investigator Royal has spoken to and questioned well over 500 person involved in the theft of stolen vehicles, stolen vehicle parts and related crimes, both in an undercover capacity and while interrogating persons in custody. Investigator Royal has discussed with them the aspects of stealing vehicles, changing VIN numbers, the transferring and disposing of stolen vehicles and

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery           3

1  stolen property and is familiar with the aspects of trafficking in stolen vehicles, stolen property and other
2  crimes.

3  According to Investigator Royal, numerous surveillances and records searches were conducted on
4  the locations and persons conducting business at the home and businesses of officer Garza and activities
5  were observed consistent with salvage vehicle / chop shop activities involving stolen vehicle components,
6  including, but not limited to Officer Garza's utilization, and employment, of Julio Carillo, Sergio
7  Gonzalez (aka Martin Ramirez, Jr.), Manuel Robles and Victor Martinez, persons of interest in previous
8  chop shop investigations. Officer Garza also employed Javier Munoz Gutierrez.

9  To date, the defense has not been provided the identities of the confidential informants, any
10 recordings of conversations between the confidential informants and Mr. Ortega or the substance of
11 communications between the confidential informants and Mr. Ortega. The defense has not been provided
12 any oral statements of Mr. Ortega reduced to writing or written record of oral statements made at the time
13 of Mr. Ortega's arrest. Nor has the defense been provided certain Brady material, including but not
14 limited to, officers Garza and Valdez and the confidential informants involvement in a chop shop.

15 **B.  DISCOVERY REQUESTS**

16 **1.  The Substance of Oral Statements Made By Mr. Ortega in Response to Interrogation by a Person Mr. Ortega Knew Was A Government Agent, Pursuant To Rule 16(a)(1)(A)**
17

18  Pursuant to rule 16(a)(1)(A), the government " must" disclose to Mr. Ortega the substance of
19 any relevant oral statement made by him in response to questioning by a person Mr. Ortega knew to be
20 a government agent if the government intends to use the statement at trial. Under Rule 16(a)(1)(A),
21 " regardless of whether or not the agent ever reduces the oral statement to writing, the government must
22 disclose the 'substance' of the oral statement to the defendant if it intends to use the oral statement at
23 trial." *United States v. Almohandis*, 307 F.Supp.2d. 253, 255 (2004 DC Mass). For the purpose of
24 Rule 16, Government agent includes non-federal personnel whose work contributes to a federal criminal
25 case. *United States v. Fort*, 472 F.3d 1106, 1113 (9th Cir. 2007).

26  To date Mr. Ortega has not been provided the substance of any oral statement made in response
27 to questioning by law enforcement before or after his arrest by officers Garza and Valdez. It is
28 ///

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery           4

1 improbable that Mr. Ortega was not asked to provide a statement when arrested, since such questioning is a routine part of an arrest and investigation.

Mr. Ortega requests an order that the government provide, within 10 days, the substance of any oral statement made by Mr. Ortega in response to questioning by a person Mr. Ortega knew to be a government agent, including but not limited to, Fresno police officers Garza and Valdez, and that any statements not produced within 10 days be excluded absent a showing of good cause and due diligence.

**2. All Written Or Recorded Statements Of Mr. Ortega, Pursuant To Rule 16(a)(1)(B)(i)**

Rule 16(a)(1)(B)(i) provides that:

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> (i) any relevant written or recorded statement by the defendant if:
>
> • the statement is within the government's possession, custody, or control; and
>
> • the attorney for the government knows - or through due diligence could know-that the statement exists.

The government contends "all statements pursuant to Rule 16(a)(1)(B)(i) have been provided or will be provided if discovered prior to trial." Rule 16(a)(1)(B)(i) requires that upon request a defendant's written or recorded statement "must" be disclosed if the attorney for the government knows of it or "*through due diligence could know.*"

Mr. Ortega has not been provided any recorded statements made to a confidential informant. According to initial discovery and investigation, the government agents most likely to have created, possessed or have knowledge of additional written or recorded statements of Mr. Ortega are Fresno police officers Garza and Valdez and the Fresno police department. See *United States v. Fort, supra*, 472 F.3d at 1113 (for purposes of Rule 16, government agent includes non-federal personnel whose work contributes to a federal criminal case). The government has a duty to exercise due diligence and contact its agents, officers Garza and Valdez and the Fresno police department, to determine whether written or recorded statements exist and to provide them to the defense.

Mr. Ortega requests an order that the government provide, within 10 days, all written or recorded statements of Mr. Ortega and that any statements not produced within 10 days be excluded absent a showing of good cause and due diligence.

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery   5

### 3. All Written Records Containing The Substance Of Any Oral Statement Made By Mr. Ortega in Response to Interrogation by A Person Mr. Ortega Knew Was A Government Agent, pursuant to Rule 16(a)(1)(B)(ii)

Pursuant to Rule 16(a)(1)(B)(ii), the Government "must" disclose to Mr. Ortega any written record containing the substance of any oral statement made by Mr. Ortega before or after his arrest if made in response to questioning by a person Mr. Ortega knew was a government agent. Rule 16(a)(1)(B)(ii) provides that:

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.

Rule 16(a)(B)(ii), unlike Rule 16(a)(1), does not have a preliminary requirement that the government intend on using the statement in trial. *United States v. Almohandis*, *supra*, 307 F.Supp.2d. at 255. "Unlike rule 16(a)(1)(A), the obligation to disclose exists regardless of whether or not the government intends to use the statement at trial." *United States v. Almohandis*, *supra*, 307 F.Supp.2d. at 255. Thus, under Rule 16(a)(B)(ii), the government must disclose an agent's rough notes, as well as written reports, of the interviews of the defendant. *United States v. Almohandis*, *supra*, 307 F.Supp.2d. at 255.

To date Mr. Ortega has not been provided any written record containing the substance of any oral statement made in response to questioning by law enforcement before or after his arrest by officers Garza and Valdez. It is improbable that Mr. Ortega was not asked to provide a statement when arrested, since such questioning is a routine part of an arrest and investigation. See *United States v. Fort, supra*, 472 F.3d at 1113 (for purposes of Rule 16, government agent includes non-federal personnel whose work contributes to a federal criminal case).

Mr. Ortega requests an order that the government provide, within 10 days, any written record, including notes or reports, which contain the substance of any oral statement made by Mr. Ortega in response to questioning by a person Mr. Ortega knew to be a government agent, including but not limited to, Fresno police officers Garza and Valdez, and that any statements not produced within 10 days be excluded absent a showing of good cause and due diligence.

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery      6

### 4. The Identities of The Confidential Informants and The Contents Of Their Communications With Mr. Ortega.

Mr. Ortega is entitled to the identities of the confidential informants and the contents of their communications because he has more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" or will be essential to a fair trial. The government has a qualified privilege to withhold from disclosure the identity of persons who furnished information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957); *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993). The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement, by preserving the anonymity of the informants. *Ibid*.

A trial court may require disclosure, however, where the defendant shows that disclosure of an informant's identity, or of the contents of his communication, is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause." *Roviaro v. United States, supra*, 353 U.S at 60-61. The defendant bears the burden of demonstrating a need for disclosure of a confidential informant's identity. *United States v. Amador-Galvan, supra,* 9 F.3d at 1417. He must show that he has more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" or will be essential to a fair trial. *Id*.

The district court must then apply a balancing test, weighing the public interest in encouraging citizens to inform the government about criminal activity, against an accused's right to prepare his defense. *Roviaro v. United States, supra,* 353 U.S at 62; *United States v. Amador-Galvan, supra,* 9 F.3d at 1417. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*. The district court, in exercising its discretion on whether to conduct an in camera hearing on the defendant's need for a confidential informant's identity or testimony, must hold such a hearing where the defendant has shown that the information would be "relevant and helpful." *United States v. Amador-Galvan, supra*, 9 F.3d at 1417.

///

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery         7

In *Roviaro v. United States*, the Supreme Court found the district court committed reversible error when it allowed the government to refuse to disclose the identity of an undercover employee who had taken a material part in bringing about the possession of certain drugs by the accused, was present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged. *Roviaro v. United States, supra*, 353 U.S at 55. In support of its finding that reversal was necessary, the court found that unless the accused waived his constitutional right not to take the stand in his own defense, the informant was his one material witnesses and cross-examination of the police officers was hardly a substitute for an opportunity to examine the man who had been nearest the accused and took part in the transaction. Id. at 64.[1]

The informants have information which will prove " relevant and helpful" or will be essential to fair trial. Specifically, the informant has information as to whether he has or has not been employed by, or affiliated with, officer Garza' s businesses which are suspected chop shops.

Additionally, according to discovery provided by the government, both informants spoke with Mr. Ortega and were involved in the alleged drug transactions. Whether or not the informants induced or persuaded Mr. Ortega to engage in the acts alleged is relevant and helpful to the defense in putting forth an entrapment defense, as well as essential to a fair trial.

**D.    Exculpatory Evidence**

The prosecution' s suppression of evidence, favorable to an accused, upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Mary*, 373 U.S. 83, 87 (1963). When the reliability of a given witness may well be determinative of guilt or innocence, non disclosure of evidence affecting credibility

---

[1]In *United States v. Amador-Galvan*, the Ninth Circuit ruled that the district court erred by not holding an *in camera* hearing to determine whether the identity of government informants should be revealed because they had information that would be " relevant and helpful" for the defendants' case, and remanded the case so the district court could hold such a hearing. *Id.* at 1417. The court found:

> The government' s theory of prosecution hinged on the assumption that Amador-Galvan was the driver of the car in question. Four informants could have provided evidence weakening the government' s case. For example, if they were percipient witnesses, these informants could provide eyewitness testimony; if not, they might still be able to provide information which might lead to a firsthand source or circumstantial evidence. Any such evidence would clearly be " relevant and helpful" to preparing Amador-Galvan' s defense. Id. at 1417.

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery         8

violates due process and a new trial is required if "the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury." *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Napue v. Illinois*, 360 U.S. 264, 271 (1959).

### 1. The Informants' Identity Is Exculpatory

The identity of the informants is exculpatory and the government has not produced the identities. A government agent, Fresno police officer Garza, is suspected of running a chop shop operation, according to the opinion of CHP investigator Royal. Upon arrest, Mr. Ortega's car keys were taken by officers Valdez and Garza and immediately thereafter the vehicle was stolen.

Evidence that a confidential informant worked at, or is in any way affiliated with, a chop shop operated by government agents is exculpatory and should be ordered disclosed because it would tend to affect the credibility of the officers and confidential informants, would be probative of their truthfulness, and would be admissible for other purposes such as motive, opportunity, intent, preparation, plan and knowledge. Such evidence would clearly provide the officers and confidential informants a motive to lie and keep Mr. Ortega in custody out of fear that his release would jeopardize their illegal activities and subject them to criminal prosecution.

### 2. Evidence That Officer Garza, Officer Valdez, The Confidential Informants or Any Other Witness Is/Are Involved In A Chop Shop Operation Is Exculpatory.

Evidence that officer Garza, officer Valdez, the confidential informants or any other witness is/are involved in a chop shop operation is exculpatory and should be ordered produced because it is favorable to Mr. Ortega. As discussed above, Mr. Ortega's car keys were taken by officers Valdez and Garza upon arrest and immediately thereafter Mr. Ortega's car was stolen.

Evidence that any witness worked at, or is in any way affiliated with, a chop shop operated by officer Garza is exculpatory and should be ordered disclosed because it would tend to affect the credibility of the witness, would be probative of the witness' truthfulness, and would be admissible for other purposes such as motive, opportunity, intent, preparation, plan and knowledge. Such evidence would clearly provide the witness a motive to lie and keep Mr. Ortega in custody out of fear that his release would jeopardize their illegal activities and subject them to criminal prosecution.

///

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery          9

**3. Evidence Affecting Credibility, Including, But Not Limited To, Documents Which Concern, Refer, Or Relate to Any Promise, Consideration or Inducement In Connection With The Case In Exchange For A Person's Participation or Testimony Is Exculpatory.**

The reliability of officers Garza and Valdez and the confidential informants will be determinative of guilt or innocence in the case. When the reliability of a witness may be determinative of guilt or innocence, non disclosure of evidence affecting credibility violates due process and a new trial is required if "the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury." *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Napue v. Illinois*, 360 U.S. 264, 271 (1959).

As discussed above, the identities of the confidential informants are exculpatory if they were involved in the government agents' chop shop. There is no reason to delay providing evidence which affects credibility, other than to play hide the ball, engage in trial by ambush and deprive Mr. Ortega of his right to due process.

### III. CONCLUSION

For the foregoing reasons, Mr. Ortega respectfully requests the Court grant his motion and order the government produce the requested items within 10 court dates and that any items not produced be excluded absent a showing of good cause and due diligence.

Dated: December 23, 2008

    Respectfully submitted,

    DANIEL J. BRODERICK
    Federal Defender


    /s/ Marc Days
    MARC DAYS
    Assistant Federal Defender
    Attorney for Defendant
    ALEJANDRO ORTEGA

Notice of Motion and Motion for Discovery;
Memorandum of Points and Authorities in
Support of Defendant's Motion for Discovery     10