IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 08-0254 LJO |
| Plaintiff, | **ORDER ON MOTIONS** |
| vs. | |
| ALEJANDRO ORTEGA, | |
| Defendant. / | |

On April 10, 2009 this Court conducted a hearing on six motions. Appearing on behalf of the United States of America was Assistant U.S. Attorneys Karen A. Escobar and Matthew Segal. Appearing for Defendant Ortega was Defense Counsel Marc Days. Specially appearing on behalf of the City of Fresno was Senior Deputy City Attorney Melissa L. White. Specially appearing on behalf of the State of California, California Highway Patrol was Deputy Attorney General Mary Horst.

This Court incorporates by reference the rulings and the reasons thereon that were made in open court and on-the-record and summarily described below.

Motions:

1) Govt's motion to unseal pleadings regarding the ex parte Rule 17(c) applications:

Ruling: On or before April 24, Defendant Ortega may file an ex parte request to withdraw any Ex Parte applications pertaining to Rule 17(c) subpoenas and the orders that followed those applications. If he does, the requests to withdraw will be granted.

1

Otherwise, the instant motion is granted. Any requests to keep documents sealed that pertain to the Defendant (safety issue) OR Fresno Police Officers Garza and Valdes (integrity of the State Court investigation) require a meet and confer by all counsel, including counsel for the City of Fresno, if she wishes to participate.

If there is no order subsequent to this date and before May 1, 2009 regarding either a) an ex parte request for defense counsel to withdraw earlier filed 17(c) petitions OR b) a meet and confer on the continued sealed status of City documents, then the Clerk of the Court is ordered to unseal the documents heretofore ordered sealed.

2) Defendant's motion to compel discovery of 8 specific items OR to dismiss the indictment:

Ruling: Regarding categories 1-4, they are limited in scope to statements of the Defendant. Within five Court days, the Government is either ordered to comply, or to file a declaration that they have already complied.

Regarding categories 5-6: the request is denied due to overbreadth. It can not be determined whether they do or don't fall within the ambit of FRCrP 16(a)(1)(E)(i).

Regarding categories 7-8: the request is denied. They do not come within Rule 16 that would require compliance.

3) CHP's motion to quash the Rule 17(c) subpoena. Granted in its entirety. The subpoena constitutes a fishing expedition not allowed under law.

      U.S. v Nixon 418 683, 700

      U.S. v Mackey 647 F.2d 898, 901

4) Government's motion to preclude the Defendant from moving the Court on an ex parte basis for Rule 17(c) subpoenas:

Ruling: Denied. This request is tantamount to seeking equitable relief, i.e. a restraining order or an injunction.

The Court is able to control this type of future conduct by way of a legal remedy, i.e. assessing each request individually and on its own merits.

5) Govt's motion to quash the Rule 17(c) subpoena to the F.B.I.

Ruling: Granted, on the same basis, and for the same reasons stated in motion #3's ruling.

6) Defendant's Order to Show Cause in re contempt (against FBI Agent Slotter; AUSA Escobar; Sr. Deputy City Attorney White):

    Ruling: As to Agent Slotter and AUSA Escobar, denied as moot, in light of the ruling on motion #5.

        (see also Bowman Dairy v U.S. 341 U.S. 214);

    As to Sr. Assistant City Attorney White: denied. She has been compliant with her obligations as to all legal requests for documents on behalf of the City of Fresno.

IT IS SO ORDERED.

**Dated:   April 10, 2009**                                  **/s/ Lawrence J. O'Neill**
                                                                           UNITED STATES DISTRICT JUDGE